SECURITIES ADMINISTRATOR, Plaintiff

v.

THE PACIFIC MEMORIAL PLAN, INC., Defendant

Civil No. 119-80
Superior Court of Guam
May 2, 1980

- - - - -

BENSON, Judge

ORDER

The defendant's motion for an order dismissing plaintiff's complaint for failure to state a cause of action was heard on April 3, 1980. The parties appeared by counsel.

Plaintiff Securities Administrator ("SA") has alleged in its complaint that defendant Pacific Memorial Plan, Inc., ("PMP") is selling investment contracts that require regulation as securities under Title XLI of the Guam Government Code. This court finds that the pre-need agreements at issue here are not investment contracts, and, therefore, are not subject to regulation as securities.

Defendant PMP is in the business of selling "pre-need" funeral arrangements. The purchaser selects a certain funeral arrangement for use either by himself or herself when he or she dies, or by an assignee of the purchaser when that individual dies. There is no monetary return on the purchase price; only the providing of an agreed upon service.

The parties argue whether or not the contracts fell within the criteria of investment contract found in Securities and Exchange Commission v. W.J. Howey Co., 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed. 1244 (1946). The Supreme Court lists three criteria: (1) investment of money, (2) a common enterprise, and (3) profits derived solely from the promoter's efforts. Thus, the Howey test focuses on the concepts of

investor participation and expectation of profits. The court finds that the pre-need agreements do not meet this test.

Both parties cited United Housing Foundation, Inc., v. Foreman, 421 U.S. 837, 95 S.Ct. 2051, 44 L.Ed.2d 589 (1975). The Supreme Court's language is applicable here. The court said:

> By profits, the Court has meant either capital appreciation resulting from the development from the initial investment, . . . or a participation in earnings resulting from the use of investor's funds. . . . In such cases the investor is "attracted solely by the prospects of a return" on his investment. By contract, when a purchaser is motivitated by desire to use or consume the item purchased . . . the securities laws do not apply. (emphasis added) 421 U.S. at 852-853.

The court finds that the evidence does not support any conclusion other than the persons buying the pre-need agreements are planning to use them for their own use, and not for resale. Because the language of the contract only allows for a return of sixty-five percent (65%) of the paid price if the agreement is cashed in for some reason, the court finds that the pre-need agreement could not be a profitable investment for the purchaser as required under the Howey test.

Plaintiff's basis for asserting that a profit return exists is that by purchasing the service now, the purchaser is certain to save money. Money saved is not a profit. A profit is the gain realized from business or investment over and above expenditures. Black's Law Dictionary, 5th Edition, West. No such profit is found in the pre-need agreement. If the purchaser buys the funeral service today and uses it in ten (10) years, he has not made a profit. He has simply saved his family, friends or society the increase in price they may have had to pay for his burial at the time of death. It is, in fact, conceivable that inflation may be stopped somehow, and prices fall. The purchaser is simply buying a service, and putting off delivery until some later date.

As the California Supreme Court found in People v. Davenport, 13 Cal.2d 681, 91 P.2d 892 (1939), the mere expectation of the payment of interest upon money has been held not to transform a transaction into an "investment contract" within the meaning of the corporate securities act. This is more than the expectation offered by the defendant. The plan will not return even interest to the purchaser. All it will do is pay for a service at a set price. This is not a return on an investment, but is simply a delivery of a purchased service.

In State v. Lorentz, 221 Minn. 366, 22 NW2d 313 (163 ALR 1036) (1946), the court found that the sale of cemetery lots was

12

a security. In that case, unlike the case at bar, the lots were being sold in groups for resale at a profit. There was a common venture that led to a return on the investment. In dicta, the court stated that the purchase of individual lots by persons planning to use them for family members would not be a security subject to regulation.

When the purchaser enters the pre-need agreement, he can take delivery at any time. It could be tomorrow or in twenty years. Whenever he takes delivery, he gets the same service. It is possible PMP may have problems fulfillng its contractual agreement, and regulation of PMP may be desirable. But the contracts are not investment contracts that are subject to regulation under the securities act. A number of cases involving "pre-need" burial services are annotated in Vol. 22, Am Jur2d, Dead Bodies, Section 3, and 68 ALR2d 1251.

It is, therefore, ordered that the motion be, and it hereby is, granted.